# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 95-21037
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE CORDERO,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Southern District of Texas
(CCR H 94-242-3)

_____

August 19, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Cordero appeals his sentence from his conviction for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, contending that the Government breached the plea agreement by failing to recommend a 13-year cap on imprisonment. Finding no clear error, we AFFIRM.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

FACTS

Pursuant to a plea agreement, Cordero pled guilty to a conspiracy to possess with intent to distribute more than five kilograms of cocaine. The agreement states that:

> 2. In exchange for the defendant's plea of guilty to Count One of the indictment and his persisting with that plea through sentencing **and** the defendant's substantial assistance the United States will dismiss the remaining counts without prejudice after sentencing and will recommend a 5K1.1 departure and no more than 13 years. This plea agreement is being entered into by the United States on the basis of the defendant's express representation that the defendant will make a full, complete, and truthful disclosure of all criminal activity known to him and will testify truthfully when and where he may be requested to. The United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the Sentencing Guidelines and Policy Statements, or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its discretion, it is determined that such departure is appropriate. (Emphasis added).

The plea agreement makes it clear that the sentence to be imposed is within the discretion of the sentencing judge, and that the Court has jurisdiction and authority to impose any sentence up to the statutory maximum. The defendant "is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court." The agreement further provides that if Cordero fails to fill all of his obligations under the plea agreement, then the United States will be released from its obligations, and it mentions that if Cordero either knowingly withholds evidence, or is otherwise not completely truthful with the United States, then the Government can prosecute him for perjury, use any information that it has obtained against him, or recommend any sentence it

2

considers appropriate. Finally, the defendant "waives the right to appeal the sentence or the manner in which it was determined on the grounds set forth in 18 U.S.C. §3742."

The probation officer preparing the PSR discovered that Cordero held a criminal record in California under an alias, and Cordero had failed to disclose this fact. Moreover, the Government did not find that Cordero provided substantial assistance though he was given a continuance of sentencing specifically to allow him additional opportunity to provide such assistance. The Government indicated that it did not intend to enter the §5K1.1 recommendation, and the probation officer concluded that, due to his failure to disclose the information about his California record, Cordero obstructed justice and was not entitled to a downward adjustment.

At sentencing, Cordero moved to withdraw his guilty plea based on his objection to the original PSR: he understood the plea agreement to require the Government to recommend a 13-year cap. The district court denied the request to withdraw the guilty plea and overruled the objection. While the Government did not recommend the §5K1.1 downward departure or the 13-year cap, it did move to dismiss the remaining counts against Cordero. The district court adjusted Cordero's base offense level upward on the obstruction of justice finding, and found that the §5K1.1 adjustment was not warranted, yet it did retain the downward adjustment for acceptance of responsibility and it dismissed the remaining counts. Cordero timely appealed his sentence of 210 months imprisonment followed by five years supervised release.

## DISCUSSION

The Government argues that Cordero's appeal should be dismissed because he waived his right to appeal. Cordero argues that the Government breached the plea agreement by failing to

recommend the 13-year cap and that he did not waive his right to challenge the Government's breach of the plea agreement.

Cordero is not directly attacking his sentence. According to 18 U.S.C. §3742, a direct attack occurs where a defendant argues that the sentence was imposed in violation of law, or was imposed as a result of an incorrect application of the sentencing guidelines, or is greater than the guideline maximum range. Cordero is alleging none of these things, rather he is arguing that by failing to make the 13-year cap recommendation, the Government breached the agreement. Cordero waived the right to directly attack his sentence. He did not waive the right to allege that the Government breached the plea agreement..

The Government further argues that Cordero failed to raise the breach issue in the district court and therefore cannot raise it on appeal. While Cordero did not specifically argue that the Government breached the plea agreement, he raised the issue in his objections to the PSR and at sentencing as the basis for his motion to withdraw his guilty plea. Disputes concerning the terms of a plea agreement generally involve resolution of factual issues by the district court. *United States v. Gibson*, 48 F.3d 876, 878 (5th Cir.), *cert. denied* __ U.S. __, 116 S. Ct. 150, 133 L. Ed. 2d 195 (1995). Where the issue is raised before the district court, this Court reviews the district court's factual findings for clear error. *Id*. Thus, the district court's resolution of factual issues concerning Cordero's plea agreement will be reviewed for clear error.

As Cordero contends, where the Government has breached a plea agreement, the defendant may withdraw his guilty plea. "The interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached." *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993). The defendant may elect specific performance or withdrawal of his guilty plea

4

as remedy for breach of a plea agreement. *Valencia*, 985 F.2d at 761. However, the defendant bears the burden of proving the underlying facts that establish a breach by preponderance of the evidence. *United States v. Garcia-Bonilla*, 11 F.3d 45, 46 (5th Cir. 1993)(citation omitted). To determine whether the Government has breached a plea agreement, the Court must consider "whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *Garcia-Bonilla*, 11 F.3d at 46. In construing a plea agreement, we apply an objective standard to determine what constitutes a reasonable understanding and whether the agreement has explicit expression and reliance. *See United States v. Chagra*, 957 F.2d 192, 194 (5th Cir. 1992).

In arguing that the Government breached the plea agreement when it failed to recommend the 13-year cap, Cordero contends that the Government's promise to recommend the cap was not contingent upon his providing "substantial assistance," as provided by U.S.S.G. §5K1.1. He contends that the word "and" separates his obligation to provide "substantial assistance" from the Government's obligation to recommend the 13-year cap, and therefore the recommendation was not dependant upon his cooperation.

A reasonable reading of the language highlighted by Cordero indicates that the Government's three obligations are predicated on Cordero's performance of his three obligations. The Government's obligations were (1) to dismiss the remaining counts, (2) to recommend the §5K1.1 departure (should the Government feel one was warranted), and (3) to recommend the 13-year cap. In exchange, Cordero was obligated to (1) plead guilty to Count One, (2) persist with that plea through sentencing, AND (3) provide substantial assistance. Nothing in that language reasonably indicates that the government must recommend the 13-year cap even if Cordero fails to provide substantial assistance. To the contrary, the Government's performance of its obligations is

5

predicated on Cordero's performance of all three of his obligations, and it explicitly retains its discretion in determining whether Cordero had provided enough assistance to justify the §5K1.1 departure. Cordero does not argue that he in fact provided substantial assistance.

Moreover, the agreement further provides that Cordero must be completely truthful with the Government, otherwise the Government is released from its obligations. Cordero was not completely truthful: he failed to make mention of his California record. As Cordero did not fulfill his obligations to provide substantial assistance and to be completely truthful, the district court's factual finding that the Government was not required to make the 13-year sentencing recommendation is not clear error, given a logical reading of the plea agreement terms and Cordero's agreement to this interpretation at arraignment. Therefore, the sentence is AFFIRMED.